```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       OCALA DIVISION
```

Ernest Hammond Sieg, Jr.,

        Petitioner,

vs.                                     Case No.  5:10-cv-413-Oc-29SPC

Warden, FCC Coleman-Medium,

        Respondent.
_____

## OPINION AND ORDER

Petitioner Ernest Hammond Sieg, Jr., a federal prisoner incarcerated at the Federal Correctional Complex, located in Coleman, Florida, initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #1). Petitioner is proceeding on his Amended Petition (Doc.# 38, Amended Petition). The Amended Petition attacks the validity of Petitioner's sentence entered by the Middle District of Florida, Ocala Division, in case number 5:99-cr-9-Oca-10 for Petitioner's plea-based conviction of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).[1] Amended Petition at 1. Pursuant to 18 U.S.C. § 944(e)(1), Petitioner was sentenced as an armed career criminal to 180 month term of imprisonment. See Case No. 5:99-cr-9-Oca-10C (Doc. #29). Relying on Johnson v. United States, 559 U.S. 133, 130 S. Ct. 1265 (2010) and other related cases, Petitioner challenges his sentence for his plea-

---

[1] Petitioner did not appeal his plea-based conviction.

based conviction on the grounds that he is actually innocent of being an armed career criminal because he his underlying predicate offenses do not constitute crimes of violence. See Amended Petition at 3-5. Respondent filed a Response to the Petition seeking dismissal of the Petition (Doc. #14, Response) and submitted exhibits in support of his Response (Doc. #14-1, Exhs. 1-2). Petitioner filed a Reply to the Response (Doc. #17, Reply). For the reasons set forth herein, the Court finds the Petition is dismissed.

Title 28 U.S.C. § 2241 provides a means for a prisoner to challenge the execution of his sentence. Here, Petitioner is challenging only the validity of his 180-month sentence. Thus, the Court must first determine whether Petitioner is entitled to relief under § 2241 before it can turn to the merits of the Petition.

"Typically collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005)(*per curiam*). When a petitioner has previously filed a § 2255 petition, he must apply for and receive permission from the appropriate federal circuit court prior to filing a successive petition. Id. (citing In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996); see also 28 U.S.C. § 2244(b)(3)(A). Additionally, § 2255 motions must be brought in the district court of conviction and are subject to a one-year statute

of limitations.  Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003); 28 U.S.C. § 2255(f).

It is clear that Petitioner no longer has any remedies available under § 2255, so he filed the Petition under § 2241.[2] The circumstances under which a federal prisoner may invoke relief pursuant to § 2241 are limited to specific instances set forth in the "savings clause" of § 2255.  Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999).  A prisoner may not use the savings clause simply to circumvent the restrictions on filing a second or successive § 2255 motion.  Id.  Rather,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the

---

[2] Petitioner previously filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on February 13, 2001.  See Middle District of Florida, Ocala Division, Case No. 5:01-cv-47- Oc-10GRJ.  In his § 2255 motion, Petitioner argued that he was erroneously sentenced under 18 U.S.C. § 924(e), because he did not have three qualifying predicate convictions meeting the definition of "violent felony" or "serious drug offense" as set forth in the statute. The post-conviction Court denied the § 2255 motion, finding that false imprisonment, as defined under Florida law as "forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against his will. . ." qualified as a proper predicate conviction under the ACCA.  See Exh. 1 at 3-4.  The Court also found that Petitioner's conviction for possession of cannabis with intent to sell or deliver within 200 feet of a public park, a second degree felony in Florida, qualified as a "serious drug offense," under section 924(e) based upon the record, despite Sieg's claim that he only purchased or possessed "a small quantity of drugs, intended solely for his personal consumption." Id. at 4. Petitioner conceded that his prior conviction for aggravated assault was a violent felony for purposes of the enhancement. Id. at 3.

>     petitioner was convicted for a non-existent offense; and
>     (3) circuit law squarely foreclosed such a claim at the
>     time it otherwise should have been raised.

Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005)(quoting Wofford, 177 F.3d at 1244). A petitioner must meet each element of this test. Dean v. MacFadden, 133 F. App'x 640, 642 (11th Cir. 2005). See also Turner v. Warden Coleman, FCI-Medium, ___ F.3d ___, 2013 WL 646089 *3 (11th Cir. Feb. 22, 2013)(clarifying that "[t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." (citing Gilbert v. United States, 640 F.3d 1293, 1319 (11th Cir. 2011)(en banc), cert. denied, ___ U.S. ___, 132 S. Ct. 1001, 181 L. Ed. 2d 743 (2012)).

Here, Petitioner is not entitled to relief under § 2241 because he does not satisfy the Wofford requirements. First, Petitioner cannot point to a "retroactively applicable Supreme Court decision." Indeed, on July 26, 2010, the Eleventh Circuit Court of Appeals denied Petitioner permission to file a successive motion pursuant to 28 U.S.C. § 2255, finding that "the Supreme Court has not made" Johnson or any of the other cases relied upon by Petitioner "retroactively applicable to cases on collateral review." See Exh. 2 at 3. Since then, due to the government's concession, the Eleventh Circuit has "take[n] it as a given, that the Supreme Court's Johnson decision is retroactively applicable," but has refused a successive § 2255 petition nonetheless. Rozier

v. United States, 701 F.3d 681, 684 (11th Cir. 2012).  Here, the government does not concede that Johnson is retroactive.  See generally Response.  "[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."  Tyler v. Cain, 533 U.S. 656, 663 (2001) (internal quotation marks omitted); In re Joshua, 224 F.3d 1281, 1283 (11th Cir. 2000)("For a new rule to be retroactive, the Supreme Court must make it retroactive to cases on collateral review.").  As of the date of this Order, neither the United States Supreme Court nor the United States Court of Appeals for the Eleventh Circuit have held that Johnson is retroactive to cases on collateral review.

Additionally, the holding of Johnson does not establish that petitioner was convicted of a non-existent offense.  In Johnson, the Supreme Court considered whether the Florida felony battery offense under Fla. Stat. § 784.03(1)(a)(2003) was a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).  The Supreme Court determined that in order for a crime to be a violent felony, it must involve "violent force," further defined by the Court as "force capable of causing physical pain or injury to another."  Johnson, 130 S. Ct. at 1271.  The Johnson Court concluded that because criminal liability under § 748.03(1)(a) is satisfied by any intentional physical contact, no matter how slight, that crime does not have the use of physical force as an element, as required by the ACCA definition of "violent

felony." Johnson, 130 S. Ct. at 1269-71. Notably, the Court did not consider whether this specific offense qualified as a violent felony under ACCA's residual clause. Id. at 1271. Petitioner's underlying predicate offenses did not involve the Florida Statute at issue in Johnson.[3]

Nonetheless, even if Petitioner could hurdle the Wofford requirements, Petitioner must still demonstrate "actual innocence." Wofford, 177 F.3d at 1244, n.3 (citing Bousely v. United States, 523 U.S. 614, 623 (1998)("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")). Here, Petitioner does not contend that he is innocent of the offense for which he stands convicted and incarcerated; he argues that he is "innocent" of the underlying predicate offenses that affected his sentencing due to an intervening change of law. Petitioner's actual innocence argument is precluded by Gilbert v. United States, 640 F.3d 1293, 1322-23 (2011)(en banc)(finding that "actual innocence of sentence exception does not apply to claims that the guidelines were misinterpreted to produce a higher guidelines range than would otherwise have applied"). See also McKay v. United States, 657 F.

---

[3]Petitioner's predicate offenses were: (a) two counts of aggravated battery; (b) false imprisonment and possession of a firearm by a convicted felon; (c) possession of cannabis with intent to sell and purchase of cannabis within 200 feet of a public park and possession of over 20 grams of cannabis; and, (d) possession of cocaine.

3d 1190, 1197-99 (11th Cir. 2011)(noting "legal, rather than factual, innocence" . . . "fails to fall within the actual innocence exception's purview'); <u>Edwards v. Warden, FCC Coleman—Medium</u>, 432 F. App'x 897, 899 (11th Cir. 2011)(stating "[t]here is no precedent in this circuit for applying the savings clause to sentence claims.").

Based upon the foregoing, Petitioner cannot satisfy the savings clause of § 2255(e). Consequently the Court is without jurisdiction to consider the merits of the § 2241 Petition.

ACCORDINGLY, it is hereby

**ORDERED and ADJUDGED:**

1. The Amended Petition for Writ of Habeas Corpus (Doc. #8) is **DISMISSED**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions and deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __3rd__ day of April, 2013.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record